UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANIEL ONEIL RUFFIN,            )
                                )
        Plaintiff               )
                                )
v.                              )    2:17-cv-00152-NT
                                )
ALFRED CICHON, et al.,          )
                                )
        Defendants              )

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Daniel Ruffin, an inmate incarcerated at the Knox County Jail, alleges Defendants have violated his constitutional rights by restricting his diet and access to the commissary, and by failing to treat properly a medical condition that affected his feet.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's claims regarding his diet and access to the commissary, and order service of the complaint on Defendants Cichon and Knowlton on Plaintiff's medical care claim.

1

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim", *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND[1]

Plaintiff alleges he suffers from type II diabetes, and asserts two claims related to his diabetes.

**A.     Foot care**

Plaintiff arrived at the Knox County Jail on November 17, 2016. Sometime after his arrival, Plaintiff requested medical care, and he was seen by Defendant Michael Knowlton, a registered nurse. As a consequence of diabetes, the skin on Plaintiff's feet is subject to dryness and cracking. Plaintiff requested an ointment for his feet, but it was not provided.

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

On two subsequent occasions, Plaintiff requested aid, and informed Defendant Knowlton that he had developed an open wound on his foot. According to Plaintiff, Defendant Knowlton did not provide any medication for the entire month of December 2016 (Plaintiff arrived at the facility on November 17, 2016). Plaintiff asserts Defendant Knowlton recommended that Plaintiff use the butter served on his meal tray as a foot moisturizer, or purchase a lotion from the commissary. Plaintiff also requested medication for the pain and discomfort, but his request was refused. (Complaint at 4 – 5; Complaint Ex. 1, ECF No. 1-1, PageID # 8 – 9.)

While Plaintiff was seeking care for his foot, Plaintiff had to "hop" on his left foot or walk on the ball of his right foot because of pain resulting from the wound on his right foot. (Complaint at 5.) Plaintiff asserts that Defendants Knowlton and Alfred Cichon, the facility's physician's assistant, refused to let him try A + D Ointment during this time. (*Id.* at 6.) Eventually, Plaintiff obtained bacitracin ointment from another prisoner, and Plaintiff was able to heal the wound through use of the ointment. (*Id.*) Plaintiff alleges he suffered pain and discomfort for three weeks. (*Id.* at 6.)

**B.      Restricted diet**

Because of his diabetes, Plaintiff has been placed on a restricted diet designed for individuals who suffer from diabetes. Specifically, Defendant Cichon directed that Plaintiff was to receive 1800 calories each day rather than the 2300 daily calories provided to the general population. Plaintiff's meals consist of potatoes, bread, and processed meat. Plaintiff asserts that the prescribed foods are not healthy for diabetics. (*Id.*)

According to Plaintiff, Plaintiff's commissary access is also limited because of his diabetes diagnosis. Plaintiff cannot order various food items that would otherwise be available. Plaintiff maintains his limited access to the commissary is discriminatory. Plaintiff alleges he should have access to additional options because he may need something to elevate his blood sugar. (*Id.* at 7.)

## DISCUSSION

**A.     Medical Care**

The Fourteenth Amendment imposes an obligation on the states to provide medical attention for the serious medical needs of prisoners in their custody. Specifically, the Due Process Clause imposes on the states the "substantive obligation" not to treat prisoners in their care in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical needs," *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 – 106 (1976)). To be actionable, a deliberate indifference claim must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011).

The objective standard evaluates the seriousness of the risk of harm to one's health. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is serious if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d

5

at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991). The symptoms of diabetes can present a serious medical need. *Rollins v. Magnusson*, 542 F. Supp. 2d 114, 117 (D. Me. 2008); *Lolli v. County of Orange*, 351 F.3d 410, 420 (9th Cir. 2003). Conditions that impose pain and discomfort "might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686 – 87 (1978).

The subjective standard concerns the culpability of the defendant. There must be evidence that a particular defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002). Deliberate indifference can be demonstrated by facts indicating the defendant "had a culpable state of mind and intended wantonly to inflict pain . . . or actual knowledge [or wilful blindness] of impending harm, easily preventable." *DeRosiers v. Moran,* 949 F.2d 15, 19 (1st Cir. 1991) (citations omitted).

Deliberate indifference must be distinguished from negligence. As the First Circuit explained:

> A finding of deliberate indifference requires more than a showing of negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir.

6

1987). A plaintiff claiming an eighth amendment violation with respect to an inmate's serious mental health or safety needs must allege "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at 106; *see also Cortes-Quinone v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), cert. denied, 488 U.S. 823 (1988). Although this court has hesitated to find deliberate indifference to a serious need "[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment," *Sires*, 834 F.2d at 13, deliberate indifference may be found where the attention received is "so clearly inadequate as to amount to a refusal to provide essential care."

*Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991).

Here, Plaintiff alleges that Defendants Knowlton and Cichon were aware that he suffered from diabetes and that he had an open wound on one of his feet, but did not provide him with an ointment to use, nor otherwise treat the medical condition that affected his feet. Plaintiff contends he could not walk properly and suffered emotional anguish for a period of three weeks. Given the nature of the alleged medical condition (i.e., a diabetic suffering from an open foot wound on a foot) and given the alleged lack of treatment, Plaintiff has asserted sufficient facts to support a finding that he suffered from a serious medical condition to which Defendants Knowlton and Cichon were deliberately indifferent. Plaintiff, however, has not asserted a plausible deliberate indifference claim against Defendant John Hinkley, identified by Plaintiff as the jail administrator.

**B.     Dietary Needs**

"The Eighth Amendment's ban on inflicting cruel and unusual punishments, made applicable to the States by the Fourteenth Amendment, 'proscribe[s] more than physically barbarous punishments.'" *Hutto*, 437 U.S. at 685 (quoting *Estelle,* 429 U.S. at 102). "It prohibits penalties … that transgress today's 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Id.* (quoting *Jackson v. Bishop,* 404 F.2d

7

571, 579 (8th Cir. 1968)). Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may offend these standards and thereby violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Prisoners have the right to nutritionally adequate food. *Domegan v. Fair*, 859 F.2d 1059, 1064 (1st Cir. 1988). An inmate does not, however, have a right to food that satisfies his taste preferences. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Burgin v. Nix*, 899 F.2d 733, 734 – 35 (8th Cir. 1990).

> Although "[n]o static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual," *Rhodes* v. *Chapman,* 452 U.S. 337, 346 (1981), the Supreme Court has said that "extreme deprivations are necessary to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson* v. *McMillian,* 112 S. Ct. 995, 1000 (1992) (citations omitted).

*Cookish v. Comm'r, N.H. Dep't of Corr.*, 980 F.2d 721 (1st Cir. 1992) (table).

In the absence of a deprivation that constitutes a constitutional violation, federal courts give deference to administrative officials in the management of prisons.

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Turner v. Safley,* 482 U.S. 78, 84 – 85 (1987).

Plaintiff has not alleged any facts to suggest that his diet is nutritionally deficient, or that prison officials have restricted his diet based on his status as a member of a protected

8

class. Rather, Plaintiff has expressed a disagreement with prison administration regarding the foods to which he should have access because of his diabetic condition. The disagreement is not a basis for an actionable constitutional claim.[2]

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's claims against all defendants except Plaintiff's medical care claim against Defendants Knowlton and Cichon.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of May, 2017.

---

[2] In his grievance filings, Plaintiff asserts that he has the right to refuse unwanted medical care and that he therefore should also be permitted to refuse dietary restrictions imposed for health reasons. (Complaint Ex. 5, PageID # 16.) Recognizing there could be situations in which a prisoner is entitled to reject recommended medical treatment, *Scott v. Benson*, 151 F. Supp. 3d 931, 945 (N.D. Iowa 2015), Plaintiff has no right to a particular diet. Restrictions on an inmate's diet, provided the diet remains nutritionally adequate, are not actionable.