UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL ONEIL RUFFIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:17-cv-00152-NT |
| | ) | |
| ALFRED CHCHON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON AMENDED COMPLAINT**

In this action, Plaintiff Daniel Ruffin, an inmate incarcerated at the Maine State Prison, initially alleged that Defendants have violated his constitutional rights by restricting his diet and access to the commissary, and by failing to treat properly a medical condition that affected his feet.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute and 28 U.S.C. § 1915A(a),[1] the Court conducted a preliminary review of Plaintiff's complaint and dismissed Plaintiff's diet-related claim, but permitted Plaintiff to proceed on his medical care claim. (Order, ECF No. 11.)

Subsequently, and after one of the defendants filed an answer to the complaint, Plaintiff filed an amended complaint. (Amended Complaint, ECF No. 21.) In the amended complaint, Plaintiff reasserts his medical care claim. Because the Court previously

---

[1] Pursuant to 28 U.S.C. § 1915A(a), Plaintiff's complaint was subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."

determined that Plaintiff had asserted an actionable medical care claim, the Court grants Plaintiff leave to amend the complaint and proceed on the amended complaint.

In the amended complaint, however, Plaintiff attempted to join a defendant, Jonathon Jones, whom he did not name as a defendant in the original complaint. Additionally, in the amended complaint, Plaintiff stated that he "also seeks damages pursuant to the Americans with Disabilities Act and the Rehabilitation Act." (Amended Complaint at 1 – 2.)

The claim as to Defendant Jones and the proposed disability discrimination claim are subject to review in accordance with the in forma pauperis statute (28 U.S.C. § 1915) and 28 U.S.C. § 1915A(a). Following the review, I recommend the Court dismiss Plaintiff's claim against Defendant Jones and Plaintiff's disability discrimination claim.

## Discussion

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim", *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## A. Deliberate Indifference

In the amended complaint, while Plaintiff has alleged facts regarding Defendants Cichon, Knowlton, and Hinkley, Plaintiff has not asserted any facts against Defendant Jones. In other words, Plaintiff has not alleged any basis for a claim against Defendant Jones. Dismissal of Defendant Jones, therefore, is warranted.

## B. Disability Discrimination

The ADA and Rehabilitation Act "provide, in nearly identical language, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 144 (1st Cir. 2014).[2] Medical care in prison falls within the coverage of the ADA and the Rehabilitation Act. *Kiman v. New Hampshire Dep't of Corr.*, 451 F.3d 274, 284 (1st Cir. 2006) (citing *United States v. Georgia*, 546 U.S. 151, 157 (2006)).[3] Disability discrimination can consist of (a) the imposition of adverse consequences on a prisoner based on the prisoner's disability, (b) a prison policy that is neutral in its terms, but impacts prisoners with a disability more significantly, or (c) the

---

[2] Title II prohibits such conduct by public entities. 42 U.S.C. § 12132. Title III prohibits discrimination in places of public accommodation. 42 U.S.C. § 12182(a). Section 504 of the Rehabilitation Act prohibits discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

[3] The Supreme Court has observed that "[m]odern prisons provide inmates with many recreational activities, medical services, and educational and vocational programs, all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be excluded from participation in)." *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (some internal quotation marks omitted).

refusal by the prison administrators to grant the prisoner a reasonable accommodation so that the prisoner can have meaningful access to a prison program or service. *Id.* Mere allegations of medical negligence, however, are not sufficient to state a disability discrimination claim. *Kiman*, 451 F.3d at 284 (citing *Lesley v. Chie*, 250 F.3d 47, 55 (1st Cir. 2001) ("a plaintiff's showing of medical unreasonableness [under the Rehabilitation Act] must be framed within some larger theory of disability discrimination")).

To state a claim, a plaintiff must provide a short and plain statement that identifies the disability and the relationship between the disability and the policy or practice on which the discrimination claim is based. *See*, *e.g.*, *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006) ("To state a claim for a violation of Title II [of the ADA], a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability."). In this case, Plaintiff has simply referenced the ADA and the Rehabilitation Act in the introduction of his complaint, but has failed to allege any facts that would support a claim under either Act. Plaintiff thus has failed to state an actionable disability discrimination claim against any defendant.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's claims against Defendant Jones and dismiss Plaintiff's disability discrimination claims against all defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of September, 2017.