UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL RUFFIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:17-cv-00152-NT |
| | ) | |
| ALFRED CICHON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON
DEFENDANT CICHON'S MOTION TO DISMISS**

In this action, Plaintiff alleges that Defendants failed to provide adequate medical care when Plaintiff was an inmate at the Knox County Jail. The matter is before the Court on Defendant Cichon's motion to dismiss. (Motion, ECF No. 49.)

Defendant Cichon asks the Court to dismiss Plaintiff's complaint against him because Plaintiff has not served discovery responses in accordance with a court order. Plaintiff did not file a response to the motion.

Following a review of the record and after consideration of the Defendant's argument, I recommend the Court dismiss Plaintiff's complaint against Defendant Cichon with prejudice unless Plaintiff demonstrates good cause for his failure to comply with the Court's discovery order and file a response to the motion to dismiss.

**Procedural Background**

In September 2017, Defendant Cichon served interrogatories and a request for documents upon Plaintiff. (Motion, ¶ 1.) As of February 22, 2018, the date of Plaintiff's deposition, Plaintiff had not served responses to the discovery requests. (*Id.*, ¶¶ 2, 3.) At

his deposition, Plaintiff acknowledged receipt of the discovery requests, and agreed to provide responses within 30 days. (*Id*. ¶ 4.) On February 23, 2018, Defendant Cichon moved for an order to compel Plaintiff to respond to the discovery requests by March 26, 2018. (Motion to Compel, ECF No. 46.) On February 27, the Court granted the motion to compel, and ordered Plaintiff to respond to the discovery requests on or before March 30, 2018. (Order, ECF No. 47.) After Plaintiff failed to serve the responses as ordered, on April 9, 2018, Defendant Cichon moved for dismissal.

## Discussion

"In order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). The civil rules "reinforce and augment the inherent power of district courts to dismiss cases for disregard of judicial orders." *Young*, 330 F.3d at 81. Federal Rule of Procedure 41(b) thus provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In addition, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), a court is authorized to dismiss an action as a sanction for a party's failure to obey an order to provide or permit discovery.

When considering the appropriate sanction for the failure to comply with a court order or the failure to prosecute, a court "should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to

the severity and circumstances of the violation." *Young*, 330 F.3d at 81. Dismissal as a sanction should be used cautiously. "Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent." *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted).

Here, Plaintiff has not served responses to discovery requests that have been outstanding for approximately ten months. Plaintiff has also not filed a response to the motion to dismiss that was filed nearly three months ago. Local Rule 7(b) provides: "Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D. Me. Loc. R. 7(b). Under Local Rule 7, therefore, Plaintiff has waived objection to Defendant's request for dismissal.

Given Plaintiff's failure to serve responses to Defendant's discovery requests, Plaintiff's failure to comply with the Court's discovery order, and Plaintiff's lack of response to the motion to dismiss, a sanction other than dismissal, such as a monetary fine or the exclusion of evidence, would not assist in the orderly progression of the case on the docket. Plaintiff simply has not demonstrated an intention to prosecute his claim as required by the governing rules.

The issue is whether the claim should be dismissed with prejudice. As a general rule, dismissal with prejudice is a sanction reserved for the most extreme misconduct. *Vazquez–Rijos*, 654 F.3d at 127. "[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." *Young*, 330 F.3d at 81. The failure to respond to discovery requests for approximately ten months and the failure to respond to the Plaintiff's motion to dismiss or otherwise communicate his intention to prosecute the claim can fairly be viewed as sufficient grounds for dismissal with prejudice. Under the circumstances, unless Plaintiff files an objection to this Recommended Decision and demonstrates good cause for his failure to comply with the Court's discovery order and to respond to the motion to dismiss, dismissal with prejudice is warranted.

**Conclusion**

Based on the foregoing analysis, I recommend the Court grant the motion to dismiss, and dismiss the complaint against Defendant Cichon with prejudice unless, within the time for the filing of objections to this Recommended Decision (14 days from the date of the Recommended Decision), Plaintiff files an objection and demonstrates good cause for his failure to comply with the Court's discovery order and his failure to file a response to the motion to dismiss.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

4

court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

              /s/ John C. Nivison
              U.S. Magistrate Judge

Dated this 5th day of July, 2018.